**PARALYZED VETERANS OF AMERICA, Petitioner,**

v.

**Togo D. WEST, Jr., Acting Secretary Of Veterans Affairs, Respondent.**

No. 97–7038.

United States Court of Appeals, Federal Circuit.

March 12, 1998.

Michael P. Horan, Associate Gen. Counsel, Paralyzed Veterans of America, Washington, DC, argued, for petitioner.

Ronald G. Morgan, Attorney, Commercial Litigation Branch, U.S. Department of Justice, Washington, DC, argued, for respondent. With him on the brief were Frank W. Hunger, Assistant Attorney General, David M. Cohen, Director, and Kirk T. Manhardt, Assistant Director. Of counsel on the brief was Thomas O. Gessel, Director, Office of Regulations Management, Office of General Counsel, Department of Veterans Affairs, Washington, DC.

Before RICH, NEWMAN, and RADER, Circuit Judges.

RADER, Circuit Judge.

Paralyzed Veterans of America, Inc. (PVA) charges that the Department of Veterans Affairs repealed a regulation without advance notice and an opportunity for public comment. Upon review of the Department's action, this court upholds as proper the repeal.

I

On March 4, 1995, the President of the United States instructed federal agencies to eliminate obsolete or unnecessary material from the Code of Federal Regulations. Pursuant to this direction, the Department repealed 38 C.F.R. § 3.101 (1996). Before this repeal, the Department did not provide advance notice or the opportunity for public comment. PVA filed a petition with this court, alleging that the repeal of the regulation without public notice and comment was unlawful.

II

This court has jurisdiction to review actions of the Department of Veterans Affairs: "An action of the Secretary to which section 552(a)(1) or 553 of title 5 (or both) refers ... is subject to judicial review. Such review shall be in accordance with [the Administrative Procedure Act] and may be sought only in the United States Court of Appeals for the Federal Circuit." 38 U.S.C. § 502 (1994).

The Administrative Procedure Act requires agencies to publish certain rules. This advance publication requirement, however, does not apply to all changes in policy, but instead applies to "rules of procedure," "substantive rules of general applicability adopted as authorized by law," "statements of general policy," "interpretations of general applicability formulated and adopted by the agency," and "each amendment, revision, or repeal" of such a rule. 5 U.S.C. § 552(a)(1)(C)-(E) (1994). Section 553 of title 5 imposes specific requirements on an agency that is involved in "rule making," as defined by 5 U.S.C. §§ 551(4) and 551(5).

The repeal of 38 C.F.R. § 3.101 falls within the statutory definition of rule making. *See* 5 U.S.C. § 551(5) (1994). Therefore, 5 U.S.C. § 553 governs the procedures that the agency must use to repeal the regulation. An alleged failure to comply with these requirements clearly falls within the jurisdic-

tion of this court as defined by 38 U.S.C. § 502. Thus, this court may directly review the agency's repeal of 38 U.S.C. § 3.101.

### III

■ The agency repealed 38 C.F.R. § 3.101. That section read, in pertinent part: "All decisions will conform to the statutes and regulations of the Department of Veterans Affairs and to the precedent opinions of the General Counsel." PVA argues that 5 U.S.C. § 553 required the agency to provide the public with notice of, and an opportunity to comment on, this action before its effective date. "Under section 553 of [title 5], certain agency action requires prior public notice and comment." *See Animal Legal Defense Fund v. Quigg,* 932 F.2d 920, 927 (Fed.Cir. 1991). The Administrative Procedure Act provides:

> (b)General notice of proposed rule making shall be published in the Federal Register, unless persons subject thereto are named and either personally served or otherwise have actual notice thereof in accordance with law.
>
> .    .    .    .    .
>
> (c) After notice required by this section, the agency shall give interested persons an opportunity to participate in the rule making through submission of written data, views, or arguments . . . .

5 U.S.C. § 553 (1994).

However, the statute expressly excludes some rule and policy changes from the general requirement of prior notice and comment:

> Except when notice or hearing is required by statute, this subsection does not apply—
>
> (A) to interpretive rules, general statements of policy, or rules of agency organization, procedure, or practice; or
>
> (B) when the agency for good cause finds . . . that notice and public procedure thereon are impracticable, unnecessary, or contrary to the public interest.

5 U.S.C. § 553(b)(A)–(B).

■ Courts examining section 553 generally refer to rules requiring notice and comment as "substantive rules." *See, e.g., Animal Legal Defense Fund,* 932 F.2d at 927. In general terms, case law has defined

"substantive rules" as those that effect a change in existing law or policy or which affect individual rights and obligations. *See id.* "Interpretative rules," on the other hand, clarify or explain existing law or regulations and are exempt from notice and comment under section 553(b)(A). *See id.* As our sister circuit has explained: "[A]n interpretative statement simply indicates an agency's reading of a statute or a rule. It does not intend to create new rights or duties, but only reminds affected parties of existing duties." *Orengo Caraballo v. Reich,* 11 F.3d 186, 195 (D.C.Cir.1993) (internal quotes omitted).

To show that the repeal of section 3.101 required advance public notice and comment, PVA must show that section 3.101 was a "substantive rule." PVA's contention that repeal of the regulation effected a major change in agency policy is unpersuasive.

■ It is axiomatic that an agency must act in accordance with applicable statutes and its regulations. *See Berkovitz v. United States,* 486 U.S. 531, 544, 108 S.Ct. 1954, 1962–63, 100 L.Ed.2d 531 (1988) ("The agency has no discretion to deviate" from the procedure mandated by its regulatory scheme.). This requirement governs the conduct of every government agency, including the Department of Veterans Affairs. This imperative of the law remains in force, regardless of whether an explicit regulation instructs the agency to act lawfully. The repeal of section 3.101 alters none of the Department's obligations to follow statutes and regulations. Therefore, this repeal is not a substantive change. At most, section 3.101 clarified and explained existing law, making this hortatory "interpretative" regulation exempt from the notice and comment requirements of section 553. Because the repeal of 38 C.F.R. § 3.101 involved no substantive rule, this court need not consider whether 5 U.S.C. § 553(b)(B), the good cause exception, applies to the Department's action.

### IV

Section 3.101 was an interpretive, rather than a substantive, rule. Therefore, the Department of Veterans Affairs did not need to provide advance public notice and a comment period before its repeal. The Department's action was proper.

COSTS

Each party shall bear its own costs.

*AFFIRMED.*