KRAMER, Chief Judge,
concurring:
I agree that vacatur of the April 2001 Board of Veterans’ Appeals (Board) decision and remand of the matter are appropriate and do so on the ground that the Board decision was based upon two VA *215 issuances, VA Gen. Coun. Prec. 3-98 (Mar. 19, 1998) [hereinafter G.C. Prec. 3-98] and 38 C.F.R. § 3.57(a)(1)(iii) (2003) (defining child), which did not comply with the notice and rulemaking procedures of the Administrative Procedure Act (APA), see 5 U.S.C. § 553, and thus are invalid. See Splane v. West, 216 F.3d 1058, 1062-64 (Fed.Cir.2000); Fugere v. Derwinski, 1 Vet.App. 103, 110 (1990) (invalidating VA’s rescission of VA issuance without reaching issue of Secretary’s authority to act).
‘VA is required under 5 U.S.C. § 552(a)(1) to ‘state and currently publish in the Federal Register,’ among other things, ‘rules of procedure, ... substantive rules of general applicability adopted as authorized by law, ... [and] each amendment, revision, or repeal of the foregoing.’ ” Disabled Amer. Veterans v. Gober, 234 F.3d 682, 688 (Fed.Cir.2000) (quoting 5 U.S.C. § 552(a)(1)(C)-(E)); see Paralyzed Veterans of Amer. (PVA) v. West, 138 F.3d 1434, 1435 (Fed.Cir.1998). Substantive, or legislative, rules are “those that effect a change in existing law or policy or which affect individual rights and obligations.” PVA 138 F.3d at 1436. Section 553 of title 5, U.S.Code, provides procedures for notice and rulemaking with which VA is required to comply. See 5 U.S.C. § 553(b)-(e); PVA supra.
In G.C. Prec. 3-98, the General Counsel excludes home schools from the definition of “educational institution,” 38 U.S.C. § 101(4)(A)(iii), which exclusion renders claimants with home-schooled children, between 18 and 23 years old, ineligible to receive benefits for those children pursuant to 38 U.S.C. § 1521(c) or 38 U.S.C. § 1115. Thus, because VA, in G.C. Prec. 3-98, has so limited eligibility for VA benefits, VA “effected] a change in existing law or policy or [VA] ... affect[ed] individual rights and obligations.” PVA, 138 F.3d at 1436. Further, the General Counsel, in his opinion, appears to concede that provisions related to the approval of educational institutions may be legislative because “they establish criteria for entitlement to compensation.” G.C. Prec. 3-98 at 3-4. However, VA did not publish the entire text of G.C. Prec. 3-98 in the Federal Register. See 5 U.S.C. § 552(a)(1). Thus, I believe that G.C. Prec. 3-98 is legislative in nature and, because VA failed to follow the APA’s notice and rulemaking procedures, it is invalid. See 5 U.S.C. § 553; Splane, supra; Fugere, 1 Vet.App. at 109-11.
Similarly, VA revised 38 C.F.R. § 3.57(a)(1)(iii) based on G.C. Prec. 3-98 and published that revision only as a final rule in the Federal Register. See 65 Fed.Reg. 12,116 (Mar. 8, 2000). That regulation defines the term “child,” inter alia, as a person “[w]ho, after reaching the age of 18 years and until completion of education or training ... is pursuing a course of instruction at an approved educational institution.” 38 C.F.R. § 3.57(a)(1)(iii). That revised regulation further provides that “the term educational institution .... does not include home-school programs.” Id. The effect of this revision also is to limit claimants’ eligibility to receive benefits for this group of home-schooled children. Thus, because this promulgation excludes certain home-schooled children from the definition of child, it “affect[ed] individual rights and obligations,” PVA 138 F.3d at 1436, and, as the majority holds, it too is legislative. See ante at 214. However, in revising § 3.57(a)(1)(iii), VA “dispense[d] with prior notice and comment.” 65 Fed.Reg. at 12,116. Hence, because VA did not follow the notice and rulemaking procedures, I agree with the majority that this promulgation is invalid. See 5 U.S.C. § 553; Fugere, supra.
*216 Thus, because the analysis in the April 2001 Board decision rests upon these two invalid issuances, the decision must be vacated and the matter remanded. See Best v. Principi, 15 Vet.App. 18, 19 (2001) (per curiam order) (“[I]t has been the practice of this Court that[,] when a remand is ordered because of an undoubted error that requires such a remedy, the Court will not, as a general rule, address other putative errors raised by the appellant.” (citing Dunn v. West, 11 Vet.App. 462, 467 (1998))); Fugere, supra.