Opinion for the court filed by Circuit Judge NEWMAN.
Concurring in part and dissenting in part opinion filed by Circuit Judge SCHALL.
NEWMAN, Circuit Judge.
The petitioners are veterans organizations, the Military Order of the Purple Heart of the USA and the National Veterans Legal Services Program. They request direct review, in accordance with the provisions of 38 U.S.C. § 502,[1] of a new procedure promulgated by the Secretary of Veterans Affairs with respect to the determination of certain claims.
The petitioners state that the new procedure, which applies only to large awards, is in violation of law and regulation, for the decision of the claim is made without notice to the veteran that an award made by the regional office has been reduced, and without a hearing before the decision-maker. The veteran is excluded from participation in the proceeding that reduced the award, and is denied knowledge and a record concerning the reduction. The petitioners point out that this new procedure was adopted without public Notice and Comment, as required by the Administrative Procedure Act (“APA”). The Secretary responds that this procedure is merely a matter of “internal housekeeping,” and that there are sound policy reasons for its adoption. The policy aspects are not before us; the only issue on this petition is the legality of the new practice and its method of adoption.
We conclude that the procedure, whereby certain regional office decisions are redetermined by the Compensation and Pension Service (“C & P”) without the knowledge and participation of the claimant, does not comply with the extant Regulations, and that its promulgation required the Notice and Comment provisions of the APA. We thus grant the petition and set aside the procedure, of Fast Letters 07-19 and 08-24.
DISCUSSION
On August 27, 2007, the VA issued a directive to “All VA-Regional Offices” by Fast Letter 07-19, “Subject: Procedures for Handling Extraordinary Awards.” The letter is from the Director of the C & P, and requires that all regional office decisions awarding a lump sum of $250,000 or more, or having a retroactive effective date of eight years or more, shall be sent to the C & P Director for “final determination.” Fast Letter 07-19 states that if the C & P Service determines that the award is “improper” it will provide “specific corrective action.” The Fast Letter directs that regional office decisions granting Extraordinary Awards shall not be disclosed to the veteran or his representative, that *1295 the claimant is not to be informed that the C & P review occurred, and that the claimant is not to be informed if the C & P Service reduced the original award. The C & P Service Bulletin describes this procedure as “new C & P policy.”
On August 14, 2008, while this petition was pending, the VA replaced Fast Letter 07-19 with Fast Letter 08-24. Fast Letter 08-24 requires the same C & P review of the same large awards, by the same procedure as in Fast Letter 07-19, but instead of calling the decisions of the regional offices “initial rating decisions,” they are called “draft rating decisions,” and the C & P review is not called an “administrative review,” but “pre-promulgation review.” The procedure is unchanged. The letter still requires that the claimant not be informed of any C & P review, that there is no hearing before the C & P decision-maker, and the claimant is not informed of any reduction of the award decision of the regional office. At the oral argument in this court, counsel for the VA stated that the practices and procedures of Fast Letter 08-24 did not change those of Fast Letter 07-19.
The petitioners argue that this procedure is defective, for several reasons. They argue that the procedure improperly allows de novo determination of regional office final decisions. They argue that the veteran’s right to a hearing is not fulfilled, and that the procedure deprives the veteran of the right to assistance in perfecting the claim, for it is anonymously reviewed on the regional office record, with no interaction with the veteran. They stress that the veteran does not know that this re-determination is occurring, for the veteran does not know the regional office’s decision. They raise issues of due process and fairness to veterans, in both promulgation and implementation.
This court is charged with review of the rulemaking process and challenges to the rules of the Department of Veterans Affairs, in accordance with the criteria of the APA. See Paralyzed Veterans of Am. v. West., 138 F.3d 1434, 1435 (Fed.Cir.1998).
I
The VA first challenges this court’s jurisdiction to receive this petition, arguing that it is moot because it was filed for Fast Letter 07-19, which was withdrawn when replaced with Fast Letter 08-24.
The general rule is that “[i]f an appealable action is canceled or rescinded by an agency, any appeal from that action becomes moot.” Cooper v. Dep’t of the Navy, 108 F.3d 324, 326 (Fed.Cir.1997). However, “[vjoluntary cessation of challenged conduct moots a ease ... only if it is absolutely dear that the allegedly wrongful behavior could not reasonably be expected to recur.” Adarand Constrs., Inc. v. Slater, 528 U.S. 216, 222, 120 S.Ct. 722, 145 L.Ed.2d 650 (2000) (internal citations and quotations omitted, emphasis in original); see also Parents Involved in Cmty. Schs. v. Seattle Sch. Dist. No. 1, 551 U.S. 701, 719, 127 S.Ct. 2738, 168 L.Ed.2d 508 (2007). The action of which the petitioners complain is not the circulation of a particular “letter,” but the new procedure whereby veterans’ claims are decided by an entity other than the body that held the hearing and is assigned the decisional authority, without notice to the veteran and without the opportunity to participate before the decision-maker. We agree with the petitioners that the VA’s procedure cannot escape review simply because the VA withdrew the document that initially implemented it, but continued the policy under a new number. Cf. Chaffin v. Kan. State Fair Bd., 348 F.3d 850, 865 (10th Cir.2003) (“In such a case, we are hesitant to declare the matter moot, which would allow Defendants to evade judicial review.”), abrogated on other grounds by *1296 Alexander v. Sandoval, 532 U.S. 275, 121 S.Ct. 1511, 149 L.Ed.2d 517 (2001). Since the procedures of Fast Letter 07-19 continue unchanged, and there has been no cessation of the challenged conduct, the appeal is not mooted.
The VA alternatively argues that its new procedure is not subject to judicial review because it is not a “rule” within the meaning of the APA. The Federal Circuit is authorized to review actions of the VA Secretary “to which section 552(a)(1) or 553 of title 5” refers, see n. 1 ante, and thus to “review the VA’s procedural and substantive rules, any amendments to those rules, and the process in which those rules are made or amended.” Disabled Am. Veterans v. Gober, 234 F.3d 682, 688 (Fed.Cir.2000) (citing cases). The APA defines a “rule” as
the whole or part of an agency statement of general or particular applicability and future effect designed to implement, interpret, or prescribe law or policy or describing the organization, procedure, or practice requirements of an agency.
5 U.S.C. § 551(4).
It is apparent that the procedural change that is here challenged affects the veteran’s substantive as well as procedural rights, and is “a change in existing law or policy which affects individual rights and obligations.” Animal Legal Def. Fund v. Quigg, 932 F.2d 920, 927 (Fed.Cir.1991) (internal quotations omitted). This new procedure meets the APA definition of a “rule,” and is subject to review as authorized by 38 U.S.C. § 502. We conclude that this court has jurisdiction of the action brought by the petitioners.
II
Petitioners refer primarily to Regulation 38 C.F.R. § 3.103, entitled “Procedural Due Process and Appellate Rights,” which starts with a “statement of policy,” as follows:
§ 3.103 (a) Statement of policy. Every claimant has the right to written notice of the decision made on his or her claim, the right to a hearing, and the right to representation .... and it is the obligation of the VA to assist a claimant in developing the facts pertinent to the claim.... The provisions of this section apply to all claims for benefits and relief, and decision thereon, within the purview of this part 3.
Petitioners refer to the new instruction that claimants are not to be informed that their claim, after a hearing and decision by the regional office, is receiving another review at a controlling level, without any right of input or participation by the claimant. The Regulations state the veteran’s “entitlement” to a hearing conducted by persons with “original determinative authority:”
§ 3.103(c)(1). Upon request, a claimant is entitled to a hearing at any time on any issue involved in a claim.... VA will provide one or more employees who have original determinative authority of such issues to conduct the hearing and be responsible for establishment and preservation of the hearing record.
The Regulations state that the purpose of the hearing is to permit “in person” participation of the claimant, and state the VA’s responsibility to assist the claimant in providing evidence that would support the claim:
§ 3.103 (c)(2) The purpose of a hearing is to permit the claimant to introduce into the record, in person, any available evidence which he or she considers material and any arguments or contentions with respect to the facts and applicable law which he or she may consider pertinent. ... It is the responsibility of the employee or employees conducting the *1297 hearings to explain fully the issues and suggest the submission of evidence which the claimant may have overlooked and which would be of advantage to the claimant’s position.
Throughout the Regulations, the veteran’s right to participate and respond is protected. For example, if it is proposed that there be a reduction in previously granted benefits, the beneficiary “will be given 60 days for the presentation of additional evidence to show that [the] benefits should be continued at their present level.” § 3.105(e), (f), (g).
The petitioners observe, and the VA does not dispute, that by the new procedure the veteran does not have a hearing in the presence of the persons who now have final decisional authority for regional office decisions. It is not disputed that there is no opportunity to provide additional evidence “which would be of advantage,” § 3.103(c)(2), and that the veteran is not told when the regional office makes an award that meets the criteria of this new C & P procedure. The Fast Letter instructs the regional office: “Do not offer these [large award] rating decisions to any veteran’s representative for review until the C & P Service makes a final determination regarding the propriety of the decision.”
The new procedure does not provide the “in person” interaction provided by § 3.103(c)(2), and no opportunity to respond to the concerns of the deciding official, whose decisional authority is removed from the regional office. See Fast Letter 07-19, at 2 (“If the C & P determines the decision is improper, it will provide specific corrective action.”); Fast Letter 08-24, at 3 (“C & P instructions are considered part of the pre-decisional process and are not to be included in the permanent record.... [Representatives will be permitted the opportunity to review the draft rating decision, but only after the file is returned from C & P Service and corrections, if necessary, are made to it.”). The C & P Service’s determination is then issued in the name of the regional office, and the veteran has no way of knowing what persuaded an unidentified decision-maker to reduce the award that was made by the persons before whom the hearing was held.[2]
The petitioners point out that under the present statute and regulations, the Secretary is already authorized to challenge any decision of the regional office; the difference is that the statutory standard for such challenge is “clear and unmistakable error,” 38 U.S.C. § 5109A(a), and is “decided in the same manner as any other claim,” 38 U.S.C. § 5109A(e). In contrast, this new procedure requires no deference to the regional office that held the hearing, and no assessment of error in the decision of the regional office. As we have noted, the VA states that there are sound policy reasons for implementing a new mechanism for large awards; however, the question before us is not whether, with appropriate statutory and regulatory authorization, the VA could realign its procedure for such claims. Our decision is directed to the procedure that, according to the petitioners, remains in effect.
It is apparent that the procedure set forth in the Fast Letters does not comport with the governing Regulations, particularly 38 C.F.R. § 3.103(c), and was not implemented in compliance with the requirements of the Administrative Procedure Act. Applying the criteria of 5 U.S.C. § 706(A), the new procedure is not in ac *1298 cordance with “law, rule, or regulation,” and is invalid. The procedure set forth in Fast Letter 07-19, and as continued in Fast Letter 08-24, is set aside.

GRANTED

. "An action of the Secretary to which section 552(a)(1) or 553 of title 5 (or both) refers is subject to judicial review. Such review shall be in accordance with chapter 7 of title 5 and may be sought only in the United States Court of Appeals for the Federal Circuit.” 38 U.S.CÍA. § 502 (West 2002 & Supp.2009). :

. In Veterans for Common Sense v. Peake, 563 F.Supp.2d 1049 (N.D.Cal.2008) the court reported that as of June 2008 "C & P has reviewed approximately 800 rating decisions ... the vast majority of those reviews resulted in a reduction of the proposed benefits.” Id. at 1076-77.