SCHALL, Circuit Judge,
concurring in part and dissenting in part.
I agree that the Petitioners’ challenge to the validity of the extraordinary award procedure (“EAP”) outlined in Fast Letters 07-19 and 08-24 is not moot. However, I part company with the majority in its holding that the EAP violates the Administrative Procedure Act (“APA”), the statute set forth at 38 U.S.C. § 5109A, and the regulation codified at 38 C.F.R. § 3.103. In my view, the Veterans Administration (“VA”) did not promulgate the EAP “without observance of procedure required by law,” 5 U.S.C. § 706(2)(D), and the EAP outlined in the Fast Letters is “in accordance with law,” id. § 706(2)(A). Accordingly, I concur in part and dissent in part.
I.
Under the APA, substantive, but not procedural, rule making requires prior public notice and comment. See 5 U.S.C. § 553 (2006).[1] A substantive rule is generally described as a rule that “effeet[s] a change in existing law or policy or which affect[s] individual rights and obligations.” Paralyzed Veterans of Am. v. West, 138 F.3d 1434, 1436 (Fed.Cir.1998); see also Animal Legal Def. Fund v. Quigg, 932 F.2d 920, 927 (Fed.Cir.1991) (same); Am. Hosp. Ass’n v. Bowen, 834 F.2d 1037, 1045 (D.C.Cir.1987) (“Substantive rules are ones which grant rights, impose obligations, or produce other significant effects on private interests, or which effect a change in existing law or policy.” (quotation marks and citation omitted)). In contrast, a rule of agency procedure is an “internal housekeeping measure[] organizing agency activities,” Batterton v. Marshall, 648 F.2d 694, 702 (D.C.Cir.1980), which may be promulgated via internal agency issuances, see Schweiker v. Hansen, 450 U.S. 785, 789-90, 101 S.Ct. 1468, 67 L.Ed.2d 685 (1981) (Social Security Claims Manual); Horner v. Jeffrey, 823 F.2d 1521, 1529-30 (Fed.Cir. 1987) (Federal Personnel Manual); Rank v. Nimmo, 677 F.2d 692, 698 (9th Cir.1982) (VA Circular and Handbook).
In my view, promulgation of the EAP via a Fast Letter does not violate the APA because the EAP is a rule of agency procedure, which is exempted from notice and comment requirements. The EAP outlined in the Fast Letters requires that the decision-maker, the VA Regional Office (“RO”), seek an additional pre-decisional review prior to issuing a rating decision that would award benefits retroactive eight *1299 years or more or result in a lump-sum payment of $250,000 or more. Pursuant to the EAP, the VA’s Compensation and Pension (“C & P”) Service reviews an extraordinary award draft decision to ensure that it comports with applicable law and is supported by evidence of record. In effect, the EAP is an internal review procedure for adjudicators to follow when processing certain claims. See Veterans for Common Sense v. Peake, 563 F.Supp.2d 1049, 1090 (N.D.Cal.2008) (“[T]he EAP is an internal management directive that merely establishes the procedures by which a certain class of benefits is reviewed. The EAP is essentially an auditing mechanism implemented by the VA to ensure that these types of awards are accurately adjudicated.”). Nothing in the Fast Letters suggests that the EAP requires any action on the part of any party other than employees of the VA. It seems to me that institution of the EAP via the Fast Letter falls within the discretion of the VA. See 38 U.S.C. § 501(a) (“The Secretary has authority to prescribe all rules and regulations which are necessary or appropriate to carry out the laws administered by the Department and are consistent with those laws, including ... the manner and form of adjudications and awards.”); see also Batterton, 648 F.2d at 707 (explaining that Congress exempted rules of agency procedure from notice and comment requirements “to ensure that agencies retain latitude in organizing their internal operations”).
In addition, the EAP does not bear the hallmarks of a substantive rule. The EAP does not “effect a change in existing law or policy” or “affect individual rights and obligations,” Paralyzed Veterans, 138 F.3d at 1436, because it neither expands nor limits the basis of entitlement to VA benefits. All claims, regardless of whether they are selected for EAP review, remain subject to the same statutory and regulatory standards for entitlement to VA benefits. In other words, the EAP does not change the substantive criteria by which the VA evaluates claims. See JEM Broad. Co. v. FCC, 22 F.3d 320, 327 (D.C.Cir.1994) (the fact that a new procedure employed the same substantive criteria as its predecessor was fatal to a claim that notice and comment was required). Because the EAP does not purport to impose, terminate, or in any way alter, any existing statutory or regulatory right, I do not view it as a substantive rule.
II.
Neither do I think that the EAP violates 38 U.S.C. § 5109A. Section 5109A(a) recites in relevant part that “[a] decision by the Secretary under this chapter is subject to revision on the grounds of clear and unmistakable error.” In other words, § 5109A authorizes the Secretary to revise a final decision on the grounds of clear and unmistakable error. See 38 U.S.C. § 5109A(d) (“A request for revision of a decision of the Secretary based on clear and unmistakable may be made at any time after that decision is made.”). I do not read § 5109A to preclude de novo internal review of draft rating decisions. Fast Letter 08-24 explains that the EAP involves a “pre-promulgation review of draft rating decisions that propose extraordinary awards.” After conducting its review, C & P Service returns the draft decision to the RO (with or without instructions), and the RO subsequently issues notice of the decision to the veteran. Rating decisions do not become final until the VA provides notice to the claimant. See 38 C.F.R. § 3.104 (“A decision ... shall be final and binding ... at the time VA issues written notification in accordance with 38 U.S.C. § 5104.”); see also Finality of Decisions, 56 Fed.Reg. 65845 (Dec. 19, 1991) (“[T]he point at which a decision becomes final and binding upon all VA field offices” is “when VA issues written notification on any issues for which it *1300 is required that VA provide notice to the claimant in accordance with 38 TJ.S.C. § 5104.”). Because the draft rating decision is not final at the time of C & P Service review, C & P Service is not restricted to a review based upon clear and unmistakable error under § 5109A.
III.
Turning to the pertinent regulation, I do not think that the EAP violates the fundamental participation and assistance rights afforded by 38 C.F.R. § 3.103, entitled “Procedural due process and appellate rights.” First, the EAP does not deprive the veteran of the right to a hearing before the decision-maker. Section 3.103(c)(1) states that the “VA will provide one or more employees who have original determinative authority of such issues to conduct the hearing and be responsible for establishment and preservation of the hearing record.” The EAP does not take away the veteran’s hearing before “one or more employees who have original determinative authority.” The Secretary has delegated authority for benefits adjudication to the ROs via 38 C.F.R. § 3.100(a),[2] and a veteran whose file undergoes C & P Service review pursuant to the EAP still has the right to a hearing before the RO. I also do not think that the EAP strips the RO of its decision-making authority. While the policy guidance provided by C & P Service under the EAP apparently binds the RO, the RO still adjudicates the claim and issues the final rating decision to the claimant. Fast Letter 08-24 confirms that, following C & P Service review, “[djraft decisions and corresponding claims files will be returned to the [Veterans Service Center Manager] for review, correction, and promulgation.” Accordingly, the EAP does not deprive the RO of jurisdiction over the particular claim, and the veteran is still entitled to a hearing before the RO.
Second, the EAP does not contravene the purpose of a hearing described in § 3.103(c)(2). Section 3.103(c)(2) states in relevant part:
The purpose of a hearing is to permit the claimant to introduce into the record, in person, any available evidence which he or she considers material and any arguments or contentions with respect to the facts and applicable law which he or she may consider pertinent.
Pursuant to § 3.103(c)(2), the purpose of a hearing is to provide the claimant with an opportunity to participate “in person.” The EAP does not encumber the claimant’s opportunity to participate “in person.” A claimant whose file qualifies for the EAP is free to request a hearing and to submit evidence “in person” to the RO at any time while a claim is pending, including before and after C & P Service review. I do not read § 3.103(c)(2) to entitle a claimant whose file is subject to the EAP to a hearing before C & P Service. That is because, in my view, while C & P Service provides the RO with internal guidance regarding extraordinary award draft decisions, the RO retains decision- *1301 making authority. Thus, I believe a hearing before the RO fulfills the purpose of the hearing described in § 3.103(c)(2).
Finally, the EAP does not hamper the RO’s duty to assist a veteran described in § 3.103(c)(2). Section 3.103(c)(2) provides in pertinent part:
It is the responsibility of the employee or employees conducting the hearings to explain fully the issues and suggest the submission of evidence which the claimant may have overlooked and which would be of advantage to the claimant’s position.
According to § 3.103(c)(2), the YA has the responsibility to assist the claimant in providing evidence that would support his or her claim. I believe that, when it follows the EAP, the VA satisfies its responsibility to assist the claimant. The EAP does not prevent the RO employee conducting the hearing from explaining the issues and suggesting the submission of evidence advantageous to the claimant. Fast Letter 08-24 specifically states that, “[a]s in other claims, Veterans Service Organization representatives will be permitted the opportunity to review the draft rating decision, but only after the file is returned from C & P Service and corrections, if necessary are made to it.” Accordingly, a veteran’s representative can review the veteran’s file after C & P Service review and make suggestions to the veteran at the hearing based on that file. In my view, the duty to assist described in § 3.103(c)(2) does not require the VA to notify the claimant of C & P Service’s review of a draft decision for an extraordinary award. Indeed, because C & P Service applies the same statutes and regulations as the RO, it is unclear how the mere fact that C & P Service reviewed a claimant’s file “would be of advantage to the claimant’s position.” Withholding the fact that C & P Service reviewed the extraordinary award draft decision, the RO employee can still “explain fully the issues and suggest the submission of additional evidence ... which would be of advantage to the claimant’s position,” thereby fulfilling the duty to assist described in § 3.103(c)(2).
For the foregoing reasons, I respectfully dissent from the majority’s decision to invalidate the EAP outlined in Fast Letters 07-19 and 08-24.

. Section 553 states in relevant part:
(b) General notice of proposed rule making shall be published in the Federal Register, unless persons subject thereto are named and either personally served or otherwise have actual notice thereof in accordance with law.... Except when notice or hearing is required by statute, this subsection does not apply—
(A) to interpretive rules, general statements of policy, or rules of agency organization, procedure, or practice....
(c) After notice required by this section, the agency shall give interested persons an opportunity to participate in the rule making through submission of written data, views, or arguments with or without opportunity for oral presentation.
5 U.S.C. § 553(b)-(c).

. The Secretary may delegate the "authority to act and to render decisions, with respect to all laws administered by the Department, to such officers and employees as the Secretary may find necessary.” 38 U.S.C. § 512(a). Pursuant to § 512(a), the Secretary has delegated authority "to the Under Secretary for Benefits and to supervisory or adjudicative personnel within the jurisdiction of the Veterans Benefits Administration designated by the Under Secretary to make findings and decisions under the applicable laws, regulations, precedents, and instructions, as to entitlement of claimants to benefits under all laws administered by the [VA] governing the payment of monetary benefits to veterans and their dependents, within the jurisdiction of Compensation and Pension Service.” 38 C.F.R. § 3.100(a).