NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-7014

JEROME P. EVANS,

Claimant-Appellant,

v.

ERIC K. SHINSEKI, Secretary of Veterans Affairs,

Respondent-Appellee.

Douglas J. Rosinski, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., of Columbia, South Carolina, argued for claimant-appellant.

Tara K. Hogan, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent-appellee. With her on the brief were Michael F. Hertz, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Brian M. Simkin, Assistant Director. Of counsel on the brief were Michael J. Timinski, Deputy Assistant General Counsel, and Amanda R. Blackmon, Attorney, Office of the General Counsel, United States Department of Veterans Affairs, of Washington, DC.

Appealed from: United States Court of Appeals for Veterans Claims

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-7014

JEROME P. EVANS,

Claimant-Appellant,

v.

ERIC K. SHINSEKI, Secretary of Veterans Affairs,

Respondent-Appellee.

Appeal from the United States Court of Appeals for Veterans Claims in 08-1126.

_____

DECIDED: December 17, 2009

_____

Before NEWMAN, LOURIE, and RADER, Circuit Judges. Opinion for the court filed by Circuit Judge LOURIE, in which Circuit Judges NEWMAN and RADER join. Concurring opinion filed by Circuit Judge RADER, in which Circuit Judge LOURIE joins. Concurring opinion filed by Circuit Judge NEWMAN.

LOURIE, Circuit Judge.

Jerome P. Evans appeals from the denial of his petition for writ of mandamus by the Court of Appeals for Veterans Claims (the "Veterans Court"). Evans v. Peake, No. 08-1126, 2008 WL 2882824 (Vet. App. July 16, 2008). In light of our decision in Military Order of the Purple Heart v. Secretary of Veterans Affairs, 580 F.3d 1293 (Fed. Cir. 2009), we vacate and remand.

Evans is a veteran who served in the U.S. Army from August 24, 1966, to April 6, 1967. He was awarded a 10% disability rating for peripheral neuropathy with an effective date of December 5, 2007, after review by the Compensation and Pension ("C&P") Service of the Department of Veterans Affairs. The C&P Service had evaluated Evans' claim under Fast Letter 07-19, which created a review system for awards over $250,000 or retroactive for eight or more years. Evans filed a petition seeking a writ of mandamus in the Veterans Court, arguing that the Fast Letter review scheme was facially unconstitutional, worked an unconstitutional taking as applied to him, and was contrary to the veterans' benefits adjudication process established by statute and regulation. Evans sought, inter alia, an order to rescind or invalidate the Fast Letter. On July 16, 2008, the Veterans Court denied Evans' petition, stating that he had adequate alternative avenues of relief. Evans, No. 08-1126, 2008 WL 2882824, at *1. The Veterans Court denied full-court review on October 22, 2008, and entered judgment on October 24, 2008. Evans timely appealed the Veterans Court's decision to this court.

After oral argument was heard in Evans' case, we issued a decision in Military Order that invalidated the same Fast Letter procedure that Evans had initially challenged in the Veterans Court. In light of that decision, we vacate and remand to the Veterans Court for further proceedings consistent with Military Order.

VACATED AND REMANDED

2009-7014

-2-

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-7014

JEROME P. EVANS,

Claimant-Appellant,

v.

ERIC K. SHINSEKI, Secretary of Veterans Affairs,

Respondent-Appellee.

Appeal from the United States Court of Appeals for Veterans Claims in 08-1126.

RADER, Circuit Judge, with whom LOURIE, Circuit Judge, joins, concurring.

I agree that this case is controlled by Military Order of the Purple Heart v. Secretary of Veterans Affairs, 580 F.3d 1293 (Fed. Cir. 2009), and I therefore join the court's opinion.  I write separately, however, to note my belief that Military Order was wrongly decided for the reasons provided by Judge Schall's dissent in that case.  See id. at 1298.  Most importantly, the extraordinary award procedure outlined in Fast Letter 07-19 was a procedural rule rather than a substantive one.  The procedure simply provided a second look for certain awards; it did not change the substantive criteria upon which awards were made.  The present case makes that distinction clear.  Our remand expresses no view as to whether Mr. Evans's award was ultimately justified.

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-7014

JEROME P. EVANS,

Claimant-Appellant,

v.

ERIC K. SHINSEKI, Secretary of Veterans Affairs,

Respondent-Appellee.

Appeal from the United States Court of Appeals for Veterans Claims in 08-1126.

NEWMAN, Circuit Judge, concurring in the judgment.

I concur in the court's judgment of vacatur and remand. However, I do not share the view of the panel majority that Military Order of the Purple Heart, 580 F.3d 1293 (Fed. Cir. 2009) was wrongly decided and that the secret Fast Letter procedure invalidated in Purple Heart was a proper procedural rule. The court in Purple Heart pointed out that the Fast Letter required the Regional Office to conceal from the veteran the fact that review of the Regional Office decision had occurred without the veteran's knowledge or participation, and without informing the veteran that the decision of the Regional Office had been changed to his disadvantage. I do not agree with the panel

majority statement in their concurring opinion herein, that the court in <u>Purple Heart</u> was incorrect in disapproving this procedure.