*73 SCHOELEN, Judge,
concurring in the result:
Although I agree with the majority to the extent that it holds that the Board’s decision must be reversed and the June 2007 decision of the Decision Review Officer (DRO) reinstated, I write separately to address several concerns.
First, I want to stress the importance of a veteran’s participation in proceedings before VA, as recognized by the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) in Military Order of the Purple Heart of the USA v. Sec’y of Veterans Affairs, 580 F.3d 1293, 1297 (Fed.Cir.2009) (Purple Heart). In the veterans benefits system, where veteran claimants often tread without the benefit of counsel .or a shred of familiarity with the system’s complex rules and regulations, it is essential that proceedings are not only fair in actuality but also in appearance. Our caselaw embraces this principle. See Hodge v. West, 155 F.3d 1356, 1363 (Fed.Cir.1998) (observing that “systemic fairness and the appearance of fairness carries great weight” within the veterans benefits system); see also Barrett v. Nicholson, 466 F.3d 1038, 1044 (Fed.Cir.2006) (describing the unique nature of the veterans benefits system and recognizing the importance of the appearance of fairness in the adjudication of claims). Although the veterans benefits system “is not meant to be a trap for the unwary,” Comer v. Peake, 552 F.3d 1362, 1369 (Fed.Cir.2009), it can be confusing to an inexperienced claimant. See Disabled American Veterans v. Sec’y of Veterans Affairs, 327 F.3d 1339, 1342 (Fed.Cir.2003) (describing the process by which a veteran’s claim works through the administrative procedure). Therefore, any procedure that essentially allows VA to go “behind the back” of a veteran claimant— even one in the honorable pursuit of preventing fraud or error — must be carefully scrutinized.
The Federal Circuit discussed VA’s extraordinary award procedure (EAP) in its Purple Heart decision and properly declared it invalid. As the Federal Circuit noted, this procedure was promulgated through a VA Fast Letter requiring that certain awards be referred from the regional office (RO) to the compensation and pension director “for ‘final determination.’ ” Purple Heart, 580 F.3d at 1294. The Fast Letter directed that RO “decisions granting Extraordinary Awards shall not be disclosed to the veteran or his representative, that the claimant is not to be informed that the [ (Compensation and Pension) ] C & P review occurred, and that the claimant is not to be informed if the C & P Service reduced the original award.” Id. at 1294-95. This procedure prevented a veteran claimant from “knowing what persuaded an unidentified decision-maker to reduce the award that was made by the persons before whom the hearing was held.” Id. at 1297. The EAP flew in the face of the fairness principles discussed above and, as the Federal Circuit recognized, affected substantive rights set forth in the Secretary’s own regulations. Id.
VA should, and must, have a system to monitor quality control and to deter employee fraud, but such a system cannot come at the expense of the claimant veteran. The system set forth in the VA Fast Letter is not in place to protect veterans from erroneous decisions made by inexperienced adjudicators, and VA is simply not permitted to infringe upon the rights of the veteran, even if protecting those rights comes at a cost to the Agency. I note that, until VA properly undertakes to provide a system to review large awards, it is possible for the Agency to mitigate the cost of an erroneous decision in a manner that does not infringe on the rights of *74 veterans, such as by the use of 38 C.F.R. § 3.105(a), which permits prior decisions to be reversed or amended on the basis of clear and unmistakable error. See 38 C.F.R. § 3.105(a) (2010) (“Previous determinations which are final and binding ... will be accepted as correct in the absence of clear and unmistakable error. Where evidence establishes such error, the prior decision will be reversed or amended.”).
Finally, I am disturbed by the majority’s dedication of a significant portion of this opinion to what amounts to nothing more than dicta. The ultimate holding of this opinion is that the Board’s decision is the product of a defective procedure and, therefore, void ab initio. Why expend so much judicial ink on the merits of a Board decision that is a legal nullity? There is simply no Board decision for this Court to affirm, modify, or reverse here. See 38 U.S.C. § 7252(a) (setting forth this Court’s jurisdiction to review Board decisions). What effect will these dicta have on future proceedings? The decision, as written, appears to provide VA a template to sever the appellant’s benefits in the future, if it chooses to do so. And, although the majority states that reaching the merits of the appellant’s claim is necessary “so to fully address the Secretary’s contention that the appellant was not prejudiced by the use of the EAP,” Majority Decision at n. 3, I do not see how the Court can perform a harmless error analysis of a Board decision that does not exist. Thus, I respectfully maintain that the majority should have limited its decision to a finding that the Board decision was void ab initio and that the June 2007 DRO decision should be reinstated.