NEWMAN, Circuit Judge,
dissenting.
Ms. Chattier requested the expedited passport service of the Department of State, whereby for a fee of $60.00 the passport will be processed within three business days after receipt of the request. This expedited processing is offered on the passport application form; the Regulations define expedited processing as follows:
22 C.F.R. § 51.66. [Expedited processing is] processing within 3-business days commencing when the application reaches a Passport Agency or, if the application is already with a Passport Agency, commencing when the request for expedited processing is approved.
The Regulations state that the fee will be refunded if the expedited processing is not provided within the three business days:
22 C.F.R. § 51.63. The passport expedite fee will be refunded if the Passport Agency does not provide the requested expedited processing as defined in 51.66.
In the accompanying Federal Register Notice, the State Department explained:
59 F.R. 48998. There will be situations in which expedited passport processing cannot be completed within three days.... The Department expects that these situations will be very rare. In such circumstances, the applicant will be notified and the fee will be refunded.
Fee for Expedited Passport Processing (Sept. 26,1994).
*1334 Ms. Chattler’s passport was not processed within three business days, or within the fifteen days that the State Department allocates to include mail and receipt time. Nor was the $60.00 expedite fee refunded. Her passport was not processed for six weeks, requiring her to make a personal visit to the San Francisco Passport Office, where she obtained the passport a day before her scheduled departure. The fee was never refunded.
At the argument of this appeal, counsel for the government agreed that the $60.00 refund is owed to Ms. Chattier and has not been paid, and stated that it will not be paid unless Ms. Chattier writes a letter to the Department of State requesting the refund “with particulars.” Both sides have dug in, Ms. Chattier refusing to write another letter, the government refusing to refund the $60.00.
The record suggests that more is at stake than petulance. The discovery record shows extensive discussion within the State Department of its use of these fees for other purposes, with particular mention of information technology, for the expedite fees are not required to be turned over to the Treasury. The amounts are not negligible. The appellant’s brief contains the following chart:
Fiscal Year Expedited Requests Expedited Service Not Received Refunds Issued % of Class Members Who Have Not Received Refunds
2004 2,019,607 541,749 6,414 98.82%
2005 2,303,623 788,889 6,843 99.13%
2006 2,925,518 633,155 9,577 98.49%
2007 5,910,135 3,358,725 8,546 99.75%
(Appx. Vol.III:1520, 1561-62,1568); (Def.’s Counterstatement of Undisputed Material Facts).[1]
At $60.00 for each expedite request, the arithmetic is powerful. The parties dispute whether the adoption of the procedure requiring a special request “with particulars” was intended to burden the refund process, or to simplify internal processing. However, the published Regulation requires both notice to the applicant and refund to the applicant, neither of which appears to be routinely given when the expedited service is not provided.
As the Court explained in Christensen v. Harris County, 529 U.S. 576, 588, 120 S.Ct. 1655, 146 L.Ed.2d 621 (2000), it is inappropriate for “the agency, under the guise of interpreting a regulation, to create de facto a new regulation.” This unannounced new “policy” “effected] a change in existing law or policy [and] affect[ed] individual rights and obligation,” Paralyzed Veterans of Am. v. West, 138 F.3d 1434, 1436 (Fed.Cir.1998), and was improp *1335 erly engrafted on the Regulation. The original intention that the refund would be routinely made if the expedited service failed, without additional formalities, is apparent from the Regulation, as Ms. Chattier points out, citing other regulations that are explicit as to refund request procedures. E.g., 38 C.F.R. § 21.5064(b)(3)(h) (Department of Veterans Affairs) (“The Department of Veterans Affairs shall make the refund only if the individual requests it.”); 43 C.F.R. § 1823.12(b) (Department of the Interior) (“If you believe you are due a refund, you may request it from the BLM office where you previously submitted your payment.”); 37 C.F.R. § 1.296 (Patent and Trademark Office) (“The request to withdraw may also include a request for a refund of any amount paid in excess of the application filing fee.”); 10 C.F.R. § 205.283(a) (Department of Energy) (“Any person entitled to a refund pursuant to a final Decision and Order ... may file an Application for Refund.”); 14 C.F.R. § 389.27(b) (Department of Transportation) (“Any person may file an application for refund of a fee paid since April 28, 1977, on the grounds that such fee exceeded the Board’s cost in providing the service.”) No such provision exists in the State Department Regulations for expedited passport processing.
My colleagues on this panel offer an elaborate analysis of regulatory and contractual abstraction, but no authority ratifies the procedure of a government offer of a fee-based service, where the fee is paid and accepted, the service is refused, and refund is denied despite the explicit promise of a refund in the offer.
The court today holds that there is no juridical path by which Ms. Chattier can obtain review of this government action concerning her unrefunded fee. That ruling is incorrect. The statute under which this action was brought, 28 U.S.C. 1346(a)(2), establishes jurisdiction of claims against the United States “founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States ... ”. Whether this claim is perceived as relating to a regulation or a contract, jurisdiction is provided. Whether liability may be found on particular facts does not determine whether there is Tucker Act jurisdiction of the claim. See Reed Elsevier, Inc. v. Muchnick, — U.S.-, 130 S.Ct. 1237, 1244, 176 L.Ed.2d 17 (2010) (distinguishing subject matter jurisdiction from the claim for relief).
Ms. Chattier states that she is bringing a contract claim, citing the contract principles of offer, acceptance, and consideration. Restatement (Second) of Contracts § 24 (1981). In Mobil Oil Exploration & Producing Southeast, Inc. v. United States, 530 U.S. 604, 607, 120 S.Ct. 2423, 147 L.Ed.2d 528 (2000), the Court explained that “[w]hen the United States enters into contract relations, its rights and duties therein are governed generally by the law applicable to contracts between private individuals.” See also Franconia Assocs. v. United States, 536 U.S. 129, 141, 122 S.Ct. 1993, 153 L.Ed.2d 132 (2002) (when the United States “does business with its citizens, it does so much as a party never cloaked with immunity.”). As in National By-Products, Inc. v. United States, 186 Ct.Cl. 546, 405 F.2d 1256, 1264 (1969), the government’s offer of expedited passport service was made “in the form of an undertaking rather than a mere prediction or statement of opinion.” It is not disputed that this undertaking failed, and that, despite this litigation, no refund has been made.
Entitlement is not disputed. The continuation of this litigation is not easy to support. In apparent justification of its failure even to tender Ms. Chattler’s re *1336 fund, the government hints that she is seeking to bring a derivative action, as if this were somehow unethical. The question, however, is not the bona fides of motivation, but the merits of the cause. See Ash v. GAF Corp., 723 F.2d 1090, 1095 (3d Cir.1983) (“Where a plaintiff has a true cause of action, his motivation in filing suit is irrelevant”). From the court’s ruling that Ms. Chattier has no judicial recourse for recovery of her $60.00 fee, I respectfully dissent.

. The State Department did not track refunds of the expedite fee separately from other refunds until June 2007, and these numbers are explained to include refunds in addition to refunds of expedite fees (e.g., refunds of passport fees on a no-fee application). In addition, some expedite requests were not eligible for a refund because the requester was not required to pay the fee. (See Vol.III:1561-62, 1568.) (Def.’s Resp. to Pl.'s First Set of Special Interrogs., Interrog. No. 8.).