# United States Court of Appeals
# for the Federal Circuit

---

**KEITH D. SNYDER,**
*Petitioner*

**v.**

**SECRETARY OF VETERANS AFFAIRS,**
*Respondent*

---

2016-1529

---

Petition for review pursuant to 38 U.S.C. Section 502.

---

Decided: June 8, 2017

---

KENNETH M. CARPENTER, Law Offices of Carpenter Chartered, Topeka, KS, argued for petitioner.

SHARI A. ROSE, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent. Also represented by ERIC PETER BRUSKIN, SCOTT D. AUSTIN, ROBERT E. KIRSCHMAN, JR., BENJAMIN C. MIZER; Y. KEN LEE, BRYAN THOMPSON, Office of General Counsel, United States Department of Veterans Affairs.

---

Before MOORE, TARANTO, and CHEN, *Circuit Judges.*

MOORE, *Circuit Judge.*

Keith D. Snyder petitions for review of a precedential opinion of the Department of Veterans Affairs' ("VA") General Counsel. Mr. Snyder requests that we hold unlawful and set aside the General Counsel opinion based on its misinterpretation of 38 U.S.C. §§ 5121 and 5904. For the reasons discussed below, we deny Mr. Snyder's petition.

BACKGROUND

Mr. Snyder began representing a veteran, Larry S. Beck, in February 2001 pursuant to a fee agreement under 38 U.S.C. § 5904. The fee agreement required Mr. Beck to pay Mr. Snyder a fee "equal to 20 percent of the total amount of any past-due benefits awarded" for Mr. Beck's claim with the VA. J.A. 2. Eight months later, Mr. Snyder sent the Board of Veterans' Appeals ("Board") a letter stating "irreconcilable differences have arisen such that my continued representation of Mr. Beck is not possible," and requested that his fee agreement be cancelled effective immediately. J.A. 31.

In June and August 2003 the VA granted Mr. Beck service connection and awarded past-due benefits based on a 100% disability rating effective June 24, 1992. Despite the fact that he had terminated his representation of Mr. Beck nearly two years earlier, after Mr. Beck's victory, Mr. Snyder sought attorney fees pursuant to his § 5904 fee agreement based on the past-due benefits awarded to Mr. Beck. A VA regional officer ("RO"), based on Mr. Snyder's presentation of the initial fee agreement, determined that Mr. Snyder was entitled to $41,920.47 (20% of the past-due benefits), which were to be deducted from the past-due benefits otherwise due to Mr. Beck. Because Mr. Snyder had terminated his representation of Mr. Beck and not participated in the nearly two years of proceedings which lead to Mr. Beck's successful recovery of his veteran's benefits, Mr. Beck contested the attorney

fee award Mr. Snyder claimed he was entitled to. Mr. Beck filed a notice of disagreement objecting to Mr. Snyder's request for fees. On November 21, 2005, the Board remanded the fee determination back to the RO to readjudicate Mr. Snyder's eligibility for fees. Mr. Beck died in December 2006 while the fee dispute was pending.

Mr. Beck's widow sought to recover the disputed fees in the form of accrued benefits. Accrued benefits are due and unpaid periodic monetary benefits "to which the individual was entitled at death under existing ratings or decisions or those based on evidence in the file at date of death." 38 U.S.C. § 5121(a). A veteran's surviving spouse may recover accrued benefits upon the veteran's death. *Id.* § 5121(a)(2)(A). The RO denied Mrs. Beck's request for accrued benefits and Mrs. Beck pursued her claim with the Board.

In February 2008, the Board issued two decisions related to the attorney fees dispute. The Board dismissed Mr. Beck's pending dispute over attorney fees pursuant to 38 C.F.R. § 20.1302, which requires dismissal of a veteran's pending appeal before the Board upon the veteran's death. The Board separately remanded Mrs. Beck's claim for accrued benefits to the RO. The RO determined Mrs. Beck could not recover the disputed attorney fees because her husband's claim ceased to exist upon his death and notified Mr. Snyder of his entitlement to $41,920.47 in attorney fees. Mrs. Beck appealed the RO's determination and the Board requested an opinion from the VA's General Counsel.

On December 3, 2015, the General Counsel published a precedential opinion stating in relevant part:

> A claim, pending at the time of a veteran's death, challenging an attorney's entitlement to payment of attorney fees under section 5904 from the veteran's retroactive periodic monetary benefits may provide a basis for an accrued benefits claim un-

der section 5121, because such a claim concerns entitlement to periodic monetary benefits allegedly due and unpaid to the veteran at the time of death.

J.A. 70. Mr. Snyder petitions for review of the General Counsel opinion pursuant to 38 U.S.C. § 502. Mr. Snyder and Mrs. Beck's attorney fee dispute remains pending before the Board.

DISCUSSION

A. Jurisdiction

We can directly review actions of the Secretary to which 5 U.S.C. §§ 552(a)(1) or 553 refer pursuant to 38 U.S.C. § 502. Section 552(a)(1) refers to certain agency actions that must be published in the Federal Register. Section 553 refers to agency rulemaking that must comply with notice-and-comment procedures under the Administrative Procedure Act. There is one exception to this grant of jurisdiction: "if such review is sought in connection with an appeal brought under the provisions of chapter 72 of this title, the provisions of that chapter shall apply rather than the provisions of chapter 7 of title 5." 38 U.S.C. § 502.

The Secretary argues we lack jurisdiction over Mr. Snyder's petition because Mr. Snyder seeks review of a VA action in connection with his case before the Board, which § 502 excludes from our review. The Secretary argues we lack jurisdiction to review General Counsel opinions issued in response to a request from the Board. Secretary Br. 7–10 (citing *Paralyzed Veterans of Am. v. Sec'y of Veterans Affairs*, 308 F.3d 1262 (Fed. Cir. 2002)). We do not agree.

Precedential General Counsel opinions must be published in the Federal Register and are expressly subject to § 552(a)(1). A precedential General Counsel opinion is a formal agency action that is binding on the Board. 38

U.S.C. § 7104(c); 38 C.F.R. § 19.5. The VA's regulations specify that by designating a General Counsel opinion precedential, the opinion "shall be considered by the Department of Veterans Affairs to be subject to the provisions of 5 U.S.C. § 552(a)(1)." 38 C.F.R. § 14.507(b); *compare with id.* § 14.507(a) (explaining General Counsel opinions designated as advisory are instead subject to § 552(a)(2)). The Secretary is statutorily required to ensure rules announced "with respect to opinions and interpretations of the General Counsel" are published in the Federal Register in compliance with § 552(a)(1). 38 U.S.C. § 501(c).

The General Counsel opinion before us is an action of the Secretary to which § 552(a)(1)(D) refers. Section 552(a)(1)(D) refers to agency actions that announce "substantive rules of general applicability . . . and statements of general policy or interpretations of general applicability" that must be published in the Federal Register. The General Counsel opinion is designated as precedential and thus is binding on the Board. J.A. 70; 38 U.S.C. § 7104(c) ("The Board shall be bound in its decisions by . . . the precedent opinions of the chief legal officer of the Department."). It is a VA action that must be published in the Federal Register. *See* 38 U.S.C. § 501(c); 38 C.F.R. § 14.507(b). It announces a rule that readily falls within the broad category of rules and interpretations encompassed by § 552(a)(1)(D). The General Counsel opinion reviews the language of 38 U.S.C. §§ 5121 and 5904 and implementing regulations, determines neither the statutes nor regulations directly answer the question presented, and announces a new rule. J.A. 74–75. The General Counsel's announcement of this rule in a precedential opinion makes clear that it is an action of the Secretary to which § 552(a)(1) refers.

That the General Counsel's opinion was issued in response to a request from the Board does not alter our conclusion. Nothing in the statute limits our review to

only some precedential General Counsel opinions. Section 502 requires that our jurisdiction to review the General Counsel opinion fall under 38 U.S.C. § 7292 only *if* Mr. Snyder sought review of the opinion in connection with his appeal. But Mr. Snyder did not seek review of the opinion in connection with his appeal. Instead, he sought review pursuant to § 502 under which the General Counsel opinion clearly falls. To the extent the Secretary contends our holding is inconsistent with *Paralyzed Veterans of America*, that decision came after our decision in *Splane v. West*, 216 F.3d 1058 (Fed. Cir. 2000), which controls in this case. *See Splane*, 216 F.3d at 1062 (holding we had jurisdiction to review a precedential General Counsel opinion requested by the Board pursuant to § 502). Whenever two cases decided by our court are in apparent conflict, we adopt the first in time and follow it. *Newell Companies, Inc. v. Kenney Mfg. Co.*, 864 F.2d 757, 765 (Fed. Cir. 1988) ("Where there is direct conflict, the precedential decision is the first."). The precedential General Counsel opinion falls squarely under § 552(a)(1)(D) and is thus reviewable pursuant to § 502.

## B. General Counsel Opinion

Mr. Snyder argues the General Counsel wrongly concluded that a pending claim for attorney fees under 38 U.S.C. § 5904 may provide a claim for accrued benefits under 38 U.S.C. § 5121. He argues that because 38 C.F.R. § 20.1302 requires dismissal of a veteran's pending appeal upon his death, a pending dispute over attorney fees under § 5904 terminates upon the veteran's death. We do not agree.

The General Counsel's conclusion is the one we would reach independently. Section 5904 provides for the payment of attorney fees from "past-due benefits awarded on the basis of the claim" in which the attorney represented the veteran. 38 U.S.C. § 5904(d). Attorney fees are paid pursuant to § 5904 by deducting those fees from the

veteran's past-due benefits. *Id.* § 5904(d)(3). Section 5121 provides for the recovery of "[p]eriodic monetary benefits . . . due and unpaid" at the time of a veteran's death based on "existing ratings or decisions or those based on evidence in the file at date of death." *Id.* § 5121(a). The General Counsel's conclusion gives effect to both statutes. Because § 5904 attorney fees are deducted from a veteran's past-due benefits, disputed attorney fees constitute a dispute over a veteran's awarded benefits. A veteran's widow can seek to recover disputed attorney fees pursuant to § 5121 because the claim by "the accrued benefits claimant would be a claim of entitlement to a portion of periodic monetary benefits allegedly due and unpaid to the veteran." J.A. 74. That 38 C.F.R. § 20.1302 requires dismissal of a veteran's appeal upon his death has no bearing on a claimant's separate entitlement to accrued benefits under § 5121. If the evidence on file at the date of the veteran's death shows entitlement to due and unpaid periodic monetary benefits, an accrued benefits claimant can pursue those benefits under § 5121. We thus uphold the General Counsel's opinion.

CONCLUSION

For the reasons discussed above, we deny Mr. Snyder's petition to hold unlawful and set aside the General Counsel's opinion.

**DENIED**

COSTS

Costs to the Secretary.