# United States Court of Appeals
## for the Federal Circuit

_____

**DISABLED AMERICAN VETERANS,**
*Petitioner*

**v.**

**SECRETARY OF VETERANS AFFAIRS,**
*Respondent*

_____

2016-1493

_____

Petition for review pursuant to 38 U.S.C. Section 502.

_____

Decided: June 14, 2017

_____

ZACHARY STOLZ, Chisholm Chisholm & Kilpatrick, Providence, RI, argued for petitioner. Also represented by ROBERT VINCENT CHISHOLM, JENNA ZELLMER; CHRISTOPHER J. CLAY, Disabled American Veterans, Cold Spring, KY; BARBARA J. COOK, Cincinnati, OH.

EMMA BOND, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., MARTIN F. HOCKEY, JR.; BRIAN D. GRIFFIN, BRANDON A. JONAS, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

_____

Before MOORE, O'MALLEY, and REYNA, *Circuit Judges.*

MOORE, *Circuit Judge.*

Disabled American Veterans ("DAV") petitions for review of provisions of the Department of Veterans Affairs' ("VA") Adjudication Procedures Manual M21-1 ("M21-1 Manual"). We dismiss for lack of jurisdiction.

BACKGROUND

38 U.S.C. § 1117 provides presumptive service connection for veterans who served in the Persian Gulf War with a qualifying chronic disability. The statute articulates three types of qualifying chronic disabilities: (a) an undiagnosed illness; (b) a medically unexplained chronic multisymptom illness ("MUCMI"); and (c) any diagnosed illness as determined by the Secretary. 38 U.S.C. § 1117(a)(2). The VA's regulations define a MUCMI as:

> a diagnosed illness *without conclusive pathophysiology or etiology*, that is characterized by overlapping symptoms and signs and has features such as fatigue, pain, disability out of proportion to physical findings, and inconsistent demonstration of laboratory abnormalities. Chronic multisymptom illnesses of partially understood etiology and pathophysiology, such as diabetes and multiple sclerosis, will not be considered medically unexplained.

38 C.F.R. § 3.317(a)(2)(ii) (emphasis added). Both statute and regulation identify sleep disturbances and signs or symptoms involving the respiratory system as possible manifestations of a MUCMI. 38 U.S.C. § 1117(g)(8)–(9); 38 C.F.R. § 3.317(b)(8)–(9).

The VA consolidates its policy and procedures into one resource known as the M21-1 Manual. The M21-1 Manual provides guidance to Veterans Benefits Administration

("VBA") employees and stakeholders "to allow [the] VBA to process claims benefits quicker and with higher accuracy." J.A. 81. Any VBA employee can request changes to the M21-1 Manual through submission of an online form.

The M21-1 Manual discusses service connection for qualifying disabilities under 38 U.S.C. § 1117 and 38 C.F.R. § 3.317 in section IV.ii.2.D. In September 2015, a VBA employee requested a change to this portion of the M21-1 Manual to specify that the language "without conclusive pathophysiology or etiology" in § 3.317 requires "there is 'both' an inconclusive pathophysiology 'and' an inconclusive etiology" for an illness to qualify as a MUCMI. J.A. 78. He also requested the M21-1 Manual specify that sleep apnea is not a qualifying chronic disability under § 1117 and § 3.317.

On November 30, 2015, the VA adopted the requested revisions. The VA changed the definition of MUCMI from illnesses exhibiting "no conclusive physiology or etiology" to require "both an inconclusive pathology, and an inconclusive etiology." J.A. 60, 100–01. Under the subsection "Signs and Symptoms of Undiagnosed Illnesses or MUCMIs," the VA added, "Sleep apnea cannot be presumptively service-connected (SC) under the provisions of 38 C.F.R. § 3.317 since it is a diagnosable condition." J.A. 103. DAV petitions for review of these revisions pursuant to 38 U.S.C. § 502.

## DISCUSSION

Our jurisdiction to review VA actions pursuant to § 502 is limited. We can review actions of the Secretary subject to 5 U.S.C. §§ 552(a)(1) and 553. 38 U.S.C. § 502. Under § 502, we cannot review all VA actions which fall under § 552; only those in § 552(a)(1). Section 552(a)(1) refers to agency actions that must be published in the Federal Register, including "substantive rules of general applicability . . . and statements of general policy or interpretations of general applicability." 5 U.S.C.

§ 552(a)(1)(D). Section 553 refers to agency rulemaking that must comply with notice-and-comment procedures under the Administrative Procedure Act. "A party seeking the exercise of jurisdiction in its favor has the burden of establishing that such jurisdiction exists." *Rocovich v. United States*, 933 F.2d 991, 993 (Fed. Cir. 1991); *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

Section 552(a)(2) refers to agency actions that need not be published in the Federal Register. These agency actions must only be made publicly available in an electronic format. 5 U.S.C. § 552(a)(2). Section 552(a)(2)(C) defines "administrative staff manuals and instructions to staff that affect a member of the public" as agency actions falling under this category. The M21-1 Manual is an administrative staff manual that affects a member of the public. The M21-1 Manual is "an electronic resource that has consolidated all of VA's policy and procedural guidance on processing disability claims into one location." J.A. 81. It is intended for "VBA employees processing Veteran and Survivor claims for compensation, pension and burial benefits." *Id.* The manual is intended to instruct VBA employees when processing claims, and its provisions affect the public. Section 502's express exclusion of agency actions subject to § 552(a)(2) renders the M21-1 Manual beyond our § 502 jurisdiction unless DAV can show the VA's revisions more readily fall under §§ 552(a)(1) or 553. Because DAV has not shown that the VA's revisions to the M21-1 Manual are actions of the Secretary subject to either §§ 552(a)(1) or 553, we lack jurisdiction to review the M21-1 Manual revisions.

DAV cites precedent in which we found agency actions subject to § 552(a)(1) and thus reviewable pursuant to § 502, but those cases are distinguishable from the VA's M21-1 Manual revisions. For example, in *Splane v. West*, 216 F.3d 1058 (Fed. Cir. 2000), we reviewed a precedential General Counsel opinion pursuant to § 502. *See also*

*Snyder v. Sec'y of Veterans Affairs*, No. 16-1529 (Fed. Cir. June 8, 2017). Precedential General Counsel opinions are published in the Federal Register and are expressly subject to § 552(a)(1). *See Splane*, 216 F.3d at 1062; 38 U.S.C. § 501(c) (specifying that opinions and interpretations of the VA General Counsel must comply with § 552(a)(1)); 38 C.F.R. § 14.507(b) ("Written legal opinions designated as precedent opinions [of the General Counsel] under this section shall be considered by the Department of Veterans Affairs to be subject to the provisions of 5 U.S.C. § 552(a)(1)."). In *LeFevre v. Secretary of Veterans Affairs*, 66 F.3d 1191 (Fed. Cir. 1995), we found that we had jurisdiction under § 502 to review the VA's decision "not to create a presumption that prostate cancer, liver cancer, and nose cancer are connected to exposure to herbicides in Vietnam." *Id*. at 1192–93. Congress directed the Secretary to work with the National Academy of Science to review and summarize scientific evidence concerning exposure to herbicide in Vietnam. *Id*. Congress delegated to the Secretary the authority to determine whether to create a presumption of service connection for diseases that may have resulted from such exposure, and the Secretary published a detailed explanation of his decision in the Federal Register. *Id*. at 1196–97. We concluded that we had jurisdiction to review the Secretary's determination because it was a "statement of general . . . applicability and future effect designed to implement . . . or prescribe . . . law or policy" as provided in § 552(a)(1). *Id*. And we have exercised our jurisdiction pursuant to § 502 in numerous other cases to review the VA's final regulations published in the Federal Register. *See, e.g.*, *McKinney v. McDonald*, 796 F.3d 1377 (Fed. Cir. 2015); *Nat'l Org. of Veterans' Advocates, Inc. v. Sec'y of Veterans Affairs*, 669 F.3d 1340 (Fed. Cir. 2012).

DAV also fails to draw similarities between the VA's M21-1 Manual revisions and certain VA letters that we held constituted actions of the Secretary reviewable

pursuant to § 502. *See Military Order of the Purple Heart of the USA v. Sec'y of Veterans Affairs*, 580 F.3d 1293, 1294, 1296 (Fed. Cir. 2009) (holding a Fast Letter issued by a VA Director announced a "new procedure promulgated by the Secretary" subject to our review pursuant to § 502); *Coal. for Common Sense in Gov't Procurement v. Sec'y of Veterans Affairs*, 464 F.3d 1306, 1317–18 (Fed. Cir. 2006) (holding Dear Manufacturer Letter issued by an Acting VA Director announced a substantive rule that was "[a]n action of the Secretary" under § 502). The M21-1 Manual revisions are distinguishable from these VA letters. Fast Letters and Dear Manufacturer Letters are not agency actions defined under § 552. While Congress explicitly designated administrative staff manuals as agency actions falling under § 552(a)(2), it did not similarly specify whether VA letters are agency actions subject to § 552(a)(1) or § 552(a)(2).

DAV argues we nonetheless have jurisdiction to review the VA's revisions to the M21-1 Manual because the revisions announce substantive rules subject to § 553 which should be voided for failure to provide the required notice and comment. "[S]ubstantive rules [are] those that effect a change in existing law or policy or which affect individual rights and obligations." *Paralyzed Veterans of Am. v. West*, 138 F.3d 1434, 1436 (Fed. Cir. 1998). DAV argues the M21-1 Manual revisions are substantive rules subject to § 553 because the revisions are inconsistent with 38 U.S.C. § 1117 and 38 C.F.R. § 3.317 and thus announce a change in existing law. DAV Br. 13–17 (arguing § 1117 and § 3.317 entitle a veteran to presumptive service connection as long as the illness exhibits no conclusive pathophysiology *or* no conclusive etiology). It argues the Veterans Court has explained that "VA handbooks, circulars, and manuals" may have the "force and effect of law" if they prescribe substantive rules. DAV Br. 11–13 (quoting *Castellano v. Shinseki*, 25 Vet. App. 146, 150 (2011)); *see also Guerra v. Shinseki*, 642 F.3d

1046, 1051 n.2 (Fed. Cir. 2011) ("The Veterans Court has in the past found that certain provisions of the [M21-1] Manual constituted substantive rules for purposes of the APA."); *Fugere v. Derwinski*, 1 Vet. App. 103, 107 (1990) (holding a provision in the M21-1 Manual "affected a substantive right and its placement in a procedural manual cannot disguise its true nature as a substantive rule").

"[T]he question whether a particular provision is substantive or interpretative for purposes of the APA is not resolved simply by the title of the document in which the provision is found." *Guerra*, 642 F.3d at 1051 n.2. There are three relevant factors to whether an agency action constitutes substantive rulemaking under the APA:

> (1) the [a]gency's own characterization of the action; (2) whether the action was published in the Federal Register or the Code of Federal Regulations; and (3) whether the action has binding effects on private parties or on the agency. The first two criteria serve to illuminate the third, for the ultimate focus of the inquiry is whether the agency action partakes of the fundamental characteristic of a regulation, i.e., that it has the force of law.

*Molycorp, Inc. v. EPA*, 197 F.3d 543, 545 (D.C. Cir. 1999); *see also Nat'l Min. Ass'n v. McCarthy*, 758 F.3d 243, 252 (D.C. Cir. 2014) ("The most important factor [in distinguishing substantive rules from general statements of policy] concerns the actual legal effect (or lack thereof) of the agency action in question on regulated entities."); *Guerra*, 642 F.3d at 1051 n.2 ("If an agency announces new substantive rules, those rules are subject to the procedural requirements of 5 U.S.C. § 553 even if they are not formally published as agency regulations."). To amount to substantive rulemaking with the force and effect of law, the rule's change in existing law must be "binding not only within the agency, but [] binding on

tribunals outside the agency." *Coal. for Common Sense*, 464 F.3d at 1318.

The M21-1 Manual revisions do not amount to a § 553 rulemaking and do not carry the force of law. All relevant factors point to this conclusion. The VA does not intend for the M21-1 Manual to carry the force of law: "The M21-1 is an internal manual used to convey guidance to VA adjudicators. It is not intended to establish substantive rules beyond those contained in statute and regulation." 72 Fed. Reg. 66,218, 66,219 (Nov. 27, 2007). There is no notice-and-comment rulemaking for Manual revisions as required by § 553. The VA does not publish M21-1 Manual revisions in the Federal Register or Code of Federal Regulations, but instead issues revisions through an informal electronic process which can be initiated by VBA employees. The M21-1 Manual is binding on neither the agency nor tribunals. The Board of Veterans' Appeals ("Board") is bound only by "regulations of the Department, instructions of the Secretary, and the precedent opinions of the chief legal officer of the Department." 38 U.S.C. § 7104(c). The M21-1 Manual falls under none of these categories. The VA's regulations specify, "[t]he Board is not bound by Department manuals, circulars, or similar administrative issues." 38 C.F.R. § 19.5. These rules announced in the M21-1 Manual revisions lack the legal effect to constitute substantive rulemaking under § 553 and thus there was no procedural infirmity in the agency's failure to provide notice and comment before making revisions to the M21-1 Manual.

DAV has the burden of establishing this court's jurisdiction over its petition. Congress chose to limit this court's jurisdiction in § 502 to challenges to agency actions that fall under § 552(a)(1) or § 553. Congress expressly exempted from § 502 challenges to agency actions which fall under § 552(a)(2). DAV has not met its jurisdictional burden in this case. The Manual revisions are not, as DAV argues, substantive rules which require

notice and comment rulemaking procedure. DAV argues we have jurisdiction to review the M21-1 Manual revisions even if they are interpretative rules, but fails to articulate why the revisions amount to "statements of general policy or interpretations of general applicability" subject to § 552(a)(1)(D) as compared to the interpretative rules subject to § 552(a)(2)(B)–(C). *See Cathedral Candle Co. v. ITC*, 400 F.3d 1352, 1369 (Fed. Cir. 2005) ("The statute makes clear that section 552(a)(1)(D) does not require the publication of all statements of policy and interpretation, because another provision of the same statute, section 552(a)(2)(B), states that each agency shall 'make available for public inspection and copying . . . those statements of policy and interpretations which have been adopted by the agency and are not published in the Federal Register.'"). As the government persuasively argues, § 552(a)(2) expressly includes "statements of policy and interpretations which have been adopted by the agency and are not published in the Federal Register" and further includes "administrative staff manuals and instructions to staff that affect a member of the public." The VA Manual revisions at issue clearly fall under these § 552(a)(2) provisions. Where, as here, manual provisions are interpretations adopted by the agency, not published in the Federal Register, not binding on the Board itself, and contained within an administrative staff manual, they fall within § 552(a)(2)—not § 552(a)(1). DAV has the burden of establishing jurisdiction and has not established that the Manual revisions fall within § 552(a)(1) or § 553.

This is not to say that a veteran is without recourse if the VA's M21-1 Manual adopts a rule inconsistent with statute or regulation. A veteran adversely affected by a M21-1 Manual provision can contest the validity of that provision as applied to the facts of his case under 38 U.S.C. § 7292. *See, e.g.*, *Guerra*, 642 F.3d 1046. But absent a showing that the rule is an action of the Secre-

tary to which § 552(a)(1) or § 553 refers, DAV cannot directly request review of that provision pursuant to 38 U.S.C. § 502.

## CONCLUSION

For the reasons discussed above, we dismiss for lack of jurisdiction.

## **DISMISSED**

### COSTS

No costs.