Citation Nr: 1749185 
Decision Date: 10/31/17 Archive Date: 11/06/17

DOCKET NO. 11-21 277A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Waco, Texas


THE ISSUE

Entitlement to service connection for sleep apnea.


REPRESENTATION

Veteran represented by: Texas Veterans Commission


ATTORNEY FOR THE BOARD

Jason George, Associate Counsel







INTRODUCTION

The Veteran served on active duty from March 1975 to March 2000.

This matter comes to the Board of Veterans' Appeals (Board) from an October 2009 rating decision of a Department of Veterans Affairs (VA) Regional Office (RO).

In May 2017, the Board remanded the claim for additional development.


FINDING OF FACT

The Veteran's sleep apnea is not related to sleep disturbance symptoms during service and is not secondary to his service-connected posttraumatic stress disorder (PTSD).


CONCLUSION OF LAW

The criteria for service connection for sleep apnea have not been met. 38 U.S.C.A. §§ 1110, 1117, 1131, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.303, 3.310, 3.317 (2016).


REASONS AND BASES FOR FINDING AND CONCLUSION

The Board has limited the discussion below to the relevant evidence required to support its findings of fact and conclusions of law, as well as to the specific contentions regarding the case as raised directly by the Veteran and those reasonably raised by the record. See Scott v. McDonald, 789 F.3d 1375, 1381 (Fed. Cir. 2015); Robinson v. Peake, 21 Vet. App. 545, 552 (2008).


Legal Criteria

Service connection may be granted for a disability resulting from a disease or injury incurred in or aggravated by active service. See 38 U.S.C.A. § 1110; 38 C.F.R. § 3.303. "To establish a right to compensation for a present disability, a veteran must show: '(1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service'-the so-called 'nexus' requirement." Holton v. Shinseki, 557 F.3d 1362, 1366 (Fed. Cir. 2010) (quoting Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004)).

Service connection may also be granted for disabilities which are secondary to already service-connected disabilities. 38 C.F.R. § 3.310. Service connection is warranted for disabilities that are proximately due to or the result of a service-connected disease or injury, or for an increase in any disease or injury that is proximately due to or the result of a service-connected disease or injury. Id.

Service connection may be established for a Persian Gulf War veteran who exhibits objective indications of a qualifying chronic disability resulting from an undiagnosed illness or medically unexplained chronic multisymptom illness that became manifest either during active service in the Southwest Asia Theater of operations during the Persian Gulf War or to a degree of 10 percent or more not later than December 31, 2021. 38 U.S.C.A. § 1117; 38 C.F.R. § 3.317.

An "undiagnosed illness" is one that by history, physical examination, and laboratory tests cannot be attributed to any known clinical diagnosis. 38 C.F.R. § 3.317(a)(1)(ii). A qualifying chronic disability can be a chronic disability resulting from a medically unexplained chronic multisymptom illness (MUCMI) that is defined by a cluster of signs of symptoms, such as chronic fatigue syndrome and fibromyalgia. 38 C.F.R. § 3.317(a)(2)(i)(B).


Facts and Analysis

The Veteran currently has sleep apnea which he asserts that his sleep apnea began during service from 1990-1991. See April 2010 VA 21-4138 Statement in Support of Claim. He also believes sleep apnea may be related to his already service-connected PTSD.

There is a current diagnosis of sleep apnea. Thus, three issues in question are whether there is a nexus between the Veteran's current sleep apnea and service, whether the Persian Gulf War provisions provide for a grant, or whether the sleep apnea is secondary to PTSD.

The Veteran's DD Form 214 reflects that he had 6 months and 13 days of foreign service in Kuwait, and he is in receipt of the Southwest Asia Service Medal and Kuwait Liberation Medal. 

A May 2009 service personnel record reflects the following:

[The Veteran] was deployed with the 2d Marine Division during Operation Desert Storm to the country of Kuwait during February-March 1991. As such, he was exposed to heavy atmospheric smoke generated as a result of numerous (in excess of 500) oil-well fires. The likelihood and nature of any potential long-term health hazard as a result of this exposure are unknown at this time.

A January 2009 polysomnographic report reflects that the Veteran has a history of snoring, observed apnea, gasping and choking, unrefreshing sleep, restless legs, leg jerking at night, cognitive dysfunction and memory impairment. Mild obstructive hypopnea was diagnosed. 

An April 2010 statement from the Veteran's spouse reflects that the Veteran has suffered from sleep apnea and nightmares since he returned from the Persian Gulf. His symptoms have gotten worse and include excessive/loud snoring and choking in his sleep. An August 2010 statement from the Veteran's daughter reflects that for the past 18 years the Veteran has suffered many sleepless nights due to snoring, tossing and turning, twitching, jerking, talking and mumbling in his sleep, and waking up in the middle of the night gasping for air. An August 2010 statement from a fellow solider reflects that during service the Veteran's lack of sleep was always a concern. 

In March 2013, the Veteran underwent a VA examination. The examiner noted a diagnosis of obstructive sleep apnea (OSA) with a date of diagnosis in January 2009. The examiner noted that definite risk factors for OSA include obesity, craniofacial abnormalities, and upper airway soft tissue abnormalities. Potential risk factors include heredity, smoking, nasal congestion, and diabetes. The examiner stated that PTSD is not a recognized risk factor for the development of sleep apnea. Considering that the Veteran is obese, along with the fact that obesity is the best documented risk factor for OSA, more likely than not the Veteran's obesity is the primary etiological factor involved in the development of his sleep apnea. The examiner stated that PTSD is unlikely to be a causative, contributive, or aggravating factor. 

When last on appeal, the Board found that this opinion was incomplete because it does not address multiple lay statements of record nor does it address his in-service exposures to fumes per his personnel records.

Upon remand, a new opinion was obtained in July 2017. The examiner found that the Veteran's sleep apnea was less likely than not due to service and less likely than not caused or aggravated by PTSD. In reaching this conclusion, the examiner noted lay statements from the Veteran, family, and a fellow soldier that noted symptoms of sleep disturbance dating back to the early 1990s, at which time the Veteran was in service. The examiner opined that the nature of the Veteran's sleep impairment at that time appears by history to be primarily a part of service-connected PTSD or non-service-connected gastroesophageal reflux disease (GERD). The loud snoring and waking up choking/gasping for air were not pathognomonic for obstructive sleep apnea. Therefore, in the absence of a contemporaneous sleep study, these other disorders could not be ruled out as the cause of the Veteran's sleep disturbance. Therefore, it was less likely than not that the Veteran's sleep apnea, or other sleep disturbance symptoms were incurred in-service or caused or aggravated by the Veteran's PTSD.

In reviewing the examiner's opinion, the Board notes that the Veteran is currently service connected for PTSD and in receipt of a rating that considers his sleep disturbance symptoms related to PTSD. The examiner's opinion stated that the sleep disturbance symptoms the Veteran experienced in service were a part of his PTSD for which the Veteran already receives compensation. These symptoms were not part of a separate process. Indeed, the examiner's statements are consistent with the Veteran's own regarding his PTSD of having experienced his PTSD-inducing trauma around 1990 while in southwest Asia. This would perhaps explain why the Veteran became symptomatic around 1990. 

Although the Veteran's PTSD was not assigned a 30 percent rating until June 19, 2006, which would compensate for chronic sleep impairment, the Veteran also has nonservice-connected GERD that, according to the July 2017 examiner, may also have contributed to his sleep disturbance symptoms during service.

The Board finds the VA medical opinion evidence persuasive as it is based on an accurate medical history, examination and with consideration of medical knowledge, coupled with a comprehensive explanation. As a result, the Veteran's disability picture shows that any sleep disturbance symptoms during service were not undiagnosed sleep apnea or symptoms that would later progress to sleep apnea. Thus, service connection on a direct basis is not warranted. 38 C.F.R. § 3.303. Further, the sleep apnea is not caused or aggravated by already service-connected PTSD; thus, secondary service connection is not warranted. See 38 C.F.R. § 3.310.

Finally, as the to the reasonably raised theory of presumptive service connection pertaining to the Persian Gulf War veterans, the symptoms are attributable to a known clinical diagnosis of sleep apnea; thus, the claimed condition is not an undiagnosed illness. Additionally, there is no indication that sleep apnea is otherwise a qualifying disability, such as a MUCMI, as the pathology was explained or partially explained in the medical opinion evidence. See VBA Manual M21-1, IV.ii.2.d.1.n. (sleep apnea cannot be presumptively service connected under the provisions of 38 C.F.R. § 3.317 since it is a diagnosable condition). See also DAV v. Sec'y of Veterans Affairs, 859 F.3d 1072 (Fed. Cir. 2017). As such, this theory does not result in a grant of service connection.

In conclusion, the Board finds that the Veteran's sleep apnea is not related to sleep disturbance symptoms during service and is not secondary to his service-connected PTSD. Therefore, the preponderance of the evidence is against his claim, there is no doubt to be resolved, and service connection for sleep apnea is not warranted. See 38 U.S.C.A. § 5107(b); 38 C.F.R. § 3.102.


ORDER

Service connection for sleep apnea is denied.




____________________________________________
RYAN T. KESSEL
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs