# United States Court of Appeals
# for the Federal Circuit

———————————————

**ROBERT H. GRAY,**

*Petitioner*

**v.**

**SECRETARY OF VETERANS AFFAIRS,**

*Respondent*

———————————————

2016-1782

———————————————

Petition for review pursuant to 38 U.S.C. Section 502.

-------------------------------------------------------------------------

**BLUE WATER NAVY VIETNAM VETERANS
ASSOCIATION,**

*Petitioner*

**v.**

**SECRETARY OF VETERANS AFFAIRS,**

*Respondent*

———————————————

2016-1793

———————————————

Petition for review pursuant to 38 U.S.C. Section 502.

---

**ON PETITIONS FOR PANEL REHEARING AND
REHEARING EN BANC**

---

ROMAN MARTINEZ, Latham & Watkins LLP, Washington, DC, filed a combined petition for panel rehearing and rehearing en banc for petitioner Robert H. Gray in 2016-1782. Also represented by GRAHAM PHILLIPS, BENJAMIN SNYDER, BLAKE STAFFORD; SHANNON LYNNE BREWER, Hill & Ponton, P.A., Deland, FL; MICHAEL E. WILDHABER, Veterans Law Office of Michael E. Wildhaber, Washington, DC.

JOHN B. WELLS, Law Office of John B. Wells, Slidell, LA, filed a combined petition for panel rehearing and rehearing en banc for petitioner Blue Water Navy Vietnam Veterans Association in 2016-1793.

ERIC PETER BRUSKIN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, filed a response to the petition for respondent Secretary of Veterans Affairs in 2016-1782 and 2016-1793. Also represented by CHAD A. READLER, ROBERT E. KIRSCHMAN, JR., MARTIN F. HOCKEY, JR.; BRIAN D. GRIFFIN, BRANDON A. JONAS, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

ZACHARY STOLZ, Chisholm Chisholm & Kilpatrick, Providence, RI, for amicus curiae Disabled American Veterans in 2016-1782. Also represented by MEGAN MARIE ELLIS; CHRISTOPHER J. CLAY, Disabled American Veterans, Cold Spring, KY.

CHRISTINE KHALILI-BORNA CLEMENS, Finkelstein & Partners, LLP, Newburgh, NY, for amici curiae National

Organization of Veterans Advocates, Inc., National Veterans Legal Services Program, Military Officers Association of America, National Law School Veterans Clinic Consortium, Veterans of Foreign Wars of the United States, Vietnam Veterans of America in 2016-1782. Also represented by KENNETH M. CARPENTER, Law Offices of Carpenter Chartered, Topeka, KS.

-------

Before PROST, *Chief Judge*, NEWMAN, LOURIE, DYK, O'MALLEY, REYNA, WALLACH, TARANTO, CHEN, and STOLL, *Circuit Judges*.[*]

TARANTO, *Circuit Judge*, concurs in the denial of the petitions for rehearing en banc.

DYK, *Circuit Judge*, with whom NEWMAN and WALLACH, *Circuit Judges*, join, dissent from the denial of the petitions for rehearing en banc.

PER CURIAM.

## O R D E R

Petitioners Robert H. Gray and Blue Water Navy Vietnam Veterans Association each filed separate petitions for panel rehearing and rehearing en banc. Responses to the petitions were invited by the court and filed by the Secretary of Veterans Affairs. The petitions were first referred to the panel that heard the appeals, and thereafter the petitions and responses were referred to the circuit judges who are in regular active service. Polls were requested, taken, and failed.

Upon consideration thereof,

-------

[*]    Circuit Judge Moore and Circuit Judge Hughes did not participate.

IT IS ORDERED THAT:

The petitions for panel rehearing are denied.

The petitions for rehearing en banc are denied.

The mandate of the court will issue on March 28, 2018 in both cases.


FOR THE COURT


 March 21, 2018                    /s/ Peter R. Marksteiner
       Date                       Peter R. Marksteiner
                                  Clerk of Court

# United States Court of Appeals
# for the Federal Circuit

---

**ROBERT H. GRAY,**
*Petitioner*

**v.**

**SECRETARY OF VETERANS AFFAIRS,**
*Respondent*

---

2016-1782

---

Petition for review pursuant to 38 U.S.C. Section 502.

-------------------------------------------------------------------------

**BLUE WATER NAVY VIETNAM VETERANS ASSOCIATION,**
*Petitioner*

**v.**

**SECRETARY OF VETERANS AFFAIRS,**
*Respondent*

---

2016-1793

---

Petition for review pursuant to 38 U.S.C. Section 502.

---

TARANTO, *Circuit Judge*, concurs in the denial of the petitions for rehearing en banc.

I believe that petitioners have read too much into the panel decisions in the present cases and in *Disabled American Veterans v. Secretary of Veterans Affairs*, 859 F.3d 1072 (Fed. Cir. 2017). Unlike petitioners, I do not read those decisions, in their rulings about the scope of 38 U.S.C. § 502, as treating the key Administrative Procedure Act provisions at issue—5 U.S.C. § 552(a)(1) and § 552(a)(2)—as mutually exclusive in what they cover. Specifically, I do not read those decisions as standing for the proposition that, if an agency pronouncement is within § 552(a)(2)(C) ("administrative staff manuals and instructions to staff that affect a member of the public"), and so must be made available to the public in an electronic format, the pronouncement cannot also be within § 552(a)(1)(D) ("substantive rules of general applicability adopted as authorized by law, and statements of general policy or interpretations of general applicability formulated and adopted by the agency"), and so must be published in the Federal Register.

The differences in language between § 552(a)(1) and § 552(a)(2) may well inform how to read each provision. But neither the language of the provisions nor the § 552 structure defining a hierarchy of publication methods that are not inconsistent with each other (the same pronouncement can be published electronically and in the Federal Register) facially precludes some subset of what falls under § 552(a)(2) from also falling under § 552(a)(1). The decisions that petitioners challenge do not declare otherwise. Instead, in holding § 552(a)(1) inapplicable, the decisions rely on particular features of the Department of Veterans Affairs pronouncement at issue, not merely the conclusion that it is an "administrative staff manual" under § 552(a)(2)(C).

The petitions for rehearing en banc rest almost entirely on the asserted need for this court to repudiate the premise of mutual exclusivity. I see no present need for en banc review to do so, because I do not think that our decisions stand for that premise. Nor, at least now, does the Government so read our decisions. If future panels adopt the premise that petitioners challenge, whether based on our precedents or based on additional statutory analyses, en banc review can be considered at that time.

For those reasons, I do not think that the question of mutual exclusivity warrants en banc review. And I see no other justification for en banc review in these cases.

The particular Department pronouncement at issue here, stated in the Department's Adjudication Procedures Manual M21-1, is currently under consideration in cases involving individual benefits claims in the Court of Appeals for Veterans Claims. *See* Combined Pet. for Panel Rehr'g and Rehr'g En Banc at 18 n.3*, Gray v. Sec'y of Veterans Affairs,* No. 16-1782 (Fed. Cir. Dec. 13, 2017), Dkt. No. 66. That court may adopt petitioners' view of the matter or, in any event, issue a decision that, in the ordinary course, will bring the matter to this court relatively soon through an appeal under 38 U.S.C. § 7292. Accordingly, this court may consider the particular Manual pronouncement through an individual benefits case at roughly the same time as it would consider the pronouncement through the present cases if the court heard the § 502 jurisdictional question en banc, found jurisdiction, and then, as is common for an issue not yet addressed by a panel, returned the case to the panel to address the merits. Thus, the importance of the particular Department pronouncement at issue here does not justify en banc review.

Nor is en banc review warranted to answer the more general question of § 502's application to pronouncements of the sort at issue. No urgency in that regard has been

shown.  Few challenges to Manual pronouncements have been brought through § 502.

Denying en banc review in the present cases may have benefits.  As already noted, petitioners and amici have focused almost entirely on the question of mutual exclusivity.  They have not gone much past that question to present detailed analyses of why § 552(a)(1), properly interpreted, does or does not apply to the particular kind of agency pronouncement at issue here.  Such analyses, covering at least text and history and case law, appear necessary to a sound interpretation of § 552(a)(1) and, therefore, of 38 U.S.C. § 502.

As presented by the parties, this case, like *Disabled American Veterans*, involves an agency pronouncement with at the following characteristics:  (1) It is not a substantive rule and does not purport to have the force of law.  (2) It is directed only to first-level agency decisionmakers, *i.e.*, the regional offices of the Department of Veterans Affairs.  (3) It does not purport to state how the issue should or will be decided by the final agency decisionmaker on an individual claim, *i.e.*, the Board of Veterans Appeals, *see* 38 U.S.C. §§ 7104, 7252, which we have recognized "conducts de novo review of regional office proceedings based on the record." *Disabled American Veterans*, 419 F.3d at 1319.

We have little meaningful analysis of the full range of judicial decisions that are potentially relevant to determining § 552(a)(1)'s application to the type of agency pronouncement at issue here.  Most relevant would be decisions, if any exist, that involved or addressed an agency pronouncement having the three characteristics just identified.  Also relevant would be judicial opinions that bear indirectly on deciding whether such a pronouncement falls within § 552(a)(1)—specifically, within § 552(a)(1)(D)'s coverage of "statements of general policy or interpretations of general applicability formulated and

adopted by the agency." Focusing almost entirely on the issue of mutual exclusivity of various portions of § 552, the parties and amici have not furnished much analysis of case law bearing on whether pronouncements of the sort at issue here come within § 552(a)(1).

Nor have the parties and amici provided much meaningful analysis of the relevant statutory texts, contexts, and backgrounds. The statutes at issue are 38 U.S.C. § 502 and the referenced APA provisions, 5 U.S.C. §§ 552(a)(1) and 553. As to the latter, full understanding would require analysis of text and context and might be aided by scrutiny of the original 1946 APA § 3 and its later amendments (notably in 1966), as well as relevant legislative history and important commentary. *See, e.g.*, Pub. L. No. 89-487, 80 Stat. 250, 250–51 (1966) (amending APA § 3); APA § 3, Pub. L. No. 79-404, 60 Stat. 237, 238 (1946); H.R. Rep. 89-1497 at 28–30 (1966); S. Rep. 89-813 at 41–43 (1965); Attorney General's Manual on the Administrative Procedure Act 19–25 (1947). At present, we lack thorough analysis of whether and why the three characteristics of the pronouncement at issue identified just above, or other characteristics, should or should not matter under a proper legal interpretation.

In future cases, parties and amici will have the opportunity to develop and present such analyses. Panels will have the opportunity to examine them. The results would provide the court a fuller basis for assessing a petition for en banc review than we now have. I therefore concur in the denial of the present en banc petitions.

# United States Court of Appeals for the Federal Circuit

---

**ROBERT H. GRAY,**
*Petitioner*

**v.**

**SECRETARY OF VETERANS AFFAIRS,**
*Respondent*

---

2016-1782

---

Petition for review pursuant to 38 U.S.C. Section 502.

-------------------------------------------------------------------------

**BLUE WATER NAVY VIETNAM VETERANS ASSOCIATION,**
*Petitioner*

**v.**

**SECRETARY OF VETERANS AFFAIRS,**
*Respondent*

---

2016-1793

---

Petition for review pursuant to 38 U.S.C. Section 502.

---

DYK, *Circuit Judge*, with whom NEWMAN and WALLACH, *Circuit Judges*, join, dissenting from the denial of the petitions for rehearing en banc.

These cases present a question of exceptional importance concerning this court's jurisdiction in veterans' cases. As the government concedes, the M21-1 Adjudication Procedures Manual "consolidated all of the [Department of Veterans Affairs] policies and procedures for adjudicating claims for VA benefits into one resource." Resp't Resp. Opp'n Reh'g 2.

For the reasons set forth in the panel dissent, I think that Congress has made these Manual provisions reviewable. We should consider this issue of reviewability en banc because of the widespread impact on the efficient adjudication of veterans' claims.